RODERICK WILLIAMS v. HENRY HANSEN AND OTHERS.[1]

January 2, 1925.

No. 24,351.

**Evidence sufficient to sustain verdict that defendants conspired to cheat plaintiff.**

The evidence in this case considered and *held* sufficient to justify the verdict, both as to conspiracy and fraud.

[1]Reported in 201 N. W. 429.

Action in the district court for Hennepin county to recover $2,400. The case was tried before Bardwell, J., and a jury which returned a verdict for $1,950 with interest. From the judgment, defendant Meier appealed. Affirmed.

*Joss, Ohman, Fryberger & Parker,* for appellant.

*R. E. Plankerton,* for respondent.

QUINN, J.

Action to recover the value of 80 acres of land in Roseau county, which plaintiff owned and which he claims he was induced to convey in exchange for 80 acres in Cass county. There was a verdict against the defendants, Meier and Hansen, upon which judgment was entered for $2,421.10, including interest and costs. There was no motion for a new trial. The only assignment of error is that the court erred in denying defendants' motion for a directed verdict. The defendant Meier appealed from the judgment.

Plaintiff operates an elevator in Minneapolis. Meier is cashier of the defendant bank. Hansen is engaged in the real estate business at Minneapolis. Anderson was a clerk in the defendant bank, and Johnson is a son-in-law of Dora Haugen.

Herbert D. Kennedy was the owner of the west half of the southeast quarter of section 18, township 137 north, range 31 west, being the Cass county land in question. It is claimed that, in August, 1911, the defendants Meier and Hansen fraudulently induced Kennedy to convey his 80 acres to Dora Haugen in exchange for cer-

tain stock in the Minneapolis Brick & Tile Company, and that the said defendants thereafter agreed to secure a return to Kennedy of a deed to said land, and that Kennedy returned the stock to them, and that Meier and Hansen have, ever since, failed and neglected to so procure a reconveyance of said land to Kennedy.

It appears that, on July 20, 1914, Dora Haugen conveyed the Cass county land to Paul A. Johnson. This deed was filed for record on August 12, 1914. Thereafter, Johnson had his name changed to Lawrence. The next conveyance to be recorded was a deed from Raymond A. Anderson to George Lyons. The consideration expressed in this deed was one dollar and it is dated April 5, 1915, and filed for record on April 16, 1915. Lyons executed a mortgage on the land for $600 to Hansen, which was filed for record on April 13, 1915. Hansen assigned the mortgage to Thomas Croughin, which was filed for record on April 13, 1915. This mortgage was foreclosed and the land bid in by Croughin, and on January 29, 1917, he received the sheriff's certificate, the consideration being $796.58.

Nearly all of the conveyances above referred to, were acknowledged before Meier as a notary public. Raymond was not, at any time, the owner of the land, and did not sign the deed purporting to have been signed by him.

On November 11, 1920, a deed was filed for record, wherein Paul A. Johnson and wife purported to be grantors to Raymond A. Anderson, executed on April 5, 1915, on a printed standard warranty deed blank form, gotten out first in January, 1919, by Miller Davis Company. Both Meier and Hansen signed this deed as witnesses to the grantors' signature, and the acknowledgment was taken by Meier. Mrs. Anderson was not present at the time. This deed could not have been executed until after January 1, 1919, as the form of blank deed, upon which it was made, was not, until then, in existence.

In the case of Kennedy against these defendants and others, a decree was duly made and filed in the district court of Cass county, upon which judgment was entered in December, 1922, adjudging and decreeing Herbert D. Kennedy the owner of the land in ques-

tion, and that Raymond A. Anderson was not, at any time, the owner of said land and did not sign the deed, purported to be signed by him on April 5, 1915. This judgment is in full effect and stands unchallenged. Its effect renders the mortgage in question and its foreclosure of no legal or binding force or validity.

The foregoing appears from the judgment roll in the Kennedy case, which is a part of the proofs offered, as well as from other evidence in the record. It is the theory of the plaintiff that the defendants entered into a conspiracy to defraud the plaintiff; that, in the way of carrying such conspiracy into effect and thereby defrauding plaintiff, the defendant Hansen in September, 1920, approached plaintiff with a proposition to exchange his Roseau county 80 for the Cass county 80 which Thomas Croughin owned and which he (Hansen) was the agent for; that, to induce plaintiff to make such exchange, Hansen said to plaintiff that Mr. Meier was familiar with the transfers and title to the Cass county land and knew its value; that, in accordance therewith, plaintiff went to Meier and inquired about the title and value of said land; that Meier told plaintiff that Thomas Croughin was the owner of the land and had good title thereto; that he was familiar with the record and transfers of said land, many of them having passed through his hands; that the land was worth $2,500 and that any bank would be glad to loan $800 thereon; that plaintiff did not have an abstract of the title to said land, but believed the statements so made to him by Meier, and, relying thereon, he executed a deed, dated September 1, 1920, conveying his Roseau county 80 in exchange for the Cass county land, leaving·the name of the grantee in his deed blank; that, thereafter, the name of B. E. Sanford was inserted as grantee and a mortgage.of $1,500 was given to Hansen; that, in exchange for said deed, plaintiff received a quitclaim deed from Thomas Croughin to the Cass county land.

The sole question upon this appeal is whether the proofs, as disclosed, are sufficient to support a finding that the plaintiff was induced to part with his land, through false and fraudulent representations made by the defendants Meier and Hansen, in a conspiracy to cheat and defraud the plaintiff.

Affirmed.